Argued April 29, remanded May 27, 1975

STATE OF OREGON, *Respondent, v.* MICHAEL DAVID STEWART (No. 73 4561), *Appellant.*

535 P2d 1389

*Carl W. Hopp, Jr.,* certified law student, Northwestern School of Law, Lewis and Clark College, Portland, argued the cause for appellant. On the brief were Gary D. Babcock, Public Defender, and Robert C. Cannon, Deputy Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and THORNTON and LEE, Judges.

THORNTON, J.

Defendant appeals from the imposition of a term of imprisonment received as a result of his probation revocation. He contends that the circuit court erred when it resentenced him to a term of imprisonment greater than his original sentence.

In March 1974 the court suspended imposition of sentence for the crime of second degree assault and placed defendant on probation for a period of three years.

As the result of an alleged second degree theft and an alleged attempted theft in the first degree, both arising out of the theft of a bicycle, an order to show cause why defendant's probation should not be revoked was issued in August 1974. In September 1974, pursuant to a negotiated plea between defendant and the district attorney, defendant admitted violating the terms of his probation by committing the alleged second degree theft. A revocation hearing followed, at which time defendant received a term of imprisonment not to exceed two and one-half years.

On September 30, 1974, defense counsel and the district attorney appeared before the circuit court requesting that defendant be resentenced. The request was made because defendant contended that the terms of the original plea bargain had not been complied with, in that the district attorney had breached his part of the plea bargain. By stipulation the parties fully apprised the court of the terms of the plea negotiation.[1]

---

[1] The terms of the negotiated plea included: (1) defendant would admit the alleged second degree theft; (2) the alleged first degree theft would be dismissed; (3) a pending district court case alleging theft in the second degree would be dismissed; (4) at sentencing the district attorney would inform the court that defendant's probation officer did not recommend incarceration; (5) district attorney would take no position with respect to sentencing; and (6) the district attorney would advise the court of defendant's employment status.

A resentencing hearing was held on October 9, 1974. At that time the court reviewed the written stipulation concerning the plea bargain. When defendant was asked if he was in fact guilty of the probation violation and if he wanted to complete the agreement, he answered no to both questions. Thereupon the court vacated the prior order revoking probation, ordered defendant's probation reinstated, set aside the imposition of the two and one-half year sentence, and ordered defendant held without bail pending a new probation revocation hearing.

An evidentiary hearing was then held from which the circuit court found that defendant was in violation of his probation. At the sentencing hearing defendant was sentenced to a term of imprisonment not to exceed four years.

Defendant argues that the four-year sentence was in violation of Oregon law, and that the most severe sentence he could properly receive was two and one-half years, a term equal to his original sentence.

Defendant contends that this appeal is governed by *State v. Turner,* 247 Or 301, 429 P2d 565 (1967), and *State v. Ramirez,* 247 Or 317, 429 P2d 572 (1967). In *Turner* our Supreme Court held:

"* * * After an appeal or post-conviction proceeding has resulted in the ordering of a retrial for errors other than an erroneous sentence, * * * and the defendant has again been convicted, no harsher sentence can be given than that initially imposed. If the initial sentence was incarceration, the defendant subsequently cannot be sentenced to any longer term than the time still to be served upon his initial sentence." 247 Or at 313.

Defendant contends that his decision to seek resentencing as a result of the district attorney's breach of the negotiated plea bargain was, in effect, a post-

conviction proceeding and within the scope of the *Turner* holding.

■ Breach of a negotiated plea bargain by the prosecutor may be a ground for post-conviction relief. *See, Stewart v. Cupp,* 12 Or App 167, 506 P2d 503 (1973); *see also, DeBolt v. Cupp,* 19 Or App 545, 552-53, 528 P2d 601 (1974), Sup Ct *review denied* (1975). If defendant had not sought resentencing while still in custody of the county authorities, he would have been able under proper circumstances to initiate post-conviction proceedings at a later date. In view of these considerations, we think it is proper to consider this case in the same light as we would if it had reached here by means of a post-conviction proceeding.[2] Under the facts of this case we agree with defendant that *Turner* is applicable.

■ Defendant also correctly relies on *State v. Ramirez,* supra. In *Ramirez* our Supreme Court held, following the mandate of *Turner,* that in a probation revocation situation where the initial sentence is set aside, defendant is not subject to resentencing to any longer term than that remaining on the original sentence.[3]

The state argues that even in light of *Turner* and *Ramirez* the facts of this case indicate that there has been a substantial change of circumstances which would justify the imposition of a more severe sentence. We find, however, that *Turner* clearly does not

---

[2] We note that defendant properly exercised his right to disaffirm the negotiated plea bargain and to withdraw his guilty plea, thereby restoring all parties to the status quo ante. Stewart v. Cupp, 12 Or App 167, 173, 506 P2d 503 (1973).

[3] In State v. Ramirez, 247 Or 317, 429 P2d 572 (1967), defendant was originally sentenced to five years in the Correctional Institution; on rehearing he was also sentenced to five years in the Correctional Institution, but without credit for the year served; the result was a six-year sentence.

allow a sentencing court to increase the original sentence, even in light of new facts or changing circumstances.

"We believe the argument for efficient judicial administration outweighs the possible advantages of permitting more severe sentences upon the basis of new information and, therefore, we follow the [American Bar Association] Advisory Committee's tentative recommendation." *Turner* at 315.

"* * * 'Even though new facts may be brought to light which might occasionally warrant a heavier sentence, the Advisory Committee believes it is preferable to establish a standard that is prophylactic in effect, and easily administered, whereby sentencing judges are not given power to increase a sentence when an applicant has exercised his right to seek a post-conviction remedy.' * * *" *Turner* at 314.

We conclude that the circuit court erred in resentencing defendant to a term greater than that remaining on the original sentence. *Turner* and *Ramirez* require that we remand for resentencing.

Remanded.