Argued April 25, reversed and remanded for resentencing May 30, 1978

STATE OF OREGON, *Respondent,*
*v.*
DANNY JOE BUSSEY, *Appellant.*
(No. 100698, CA 9584)
(No. 100699, CA 9585)
(Consolidated Cases)
579 P2d 264

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant pleaded guilty to two charges which arose from events that occurred on June 9, 1977. The trial court sentenced the defendant to 20-year terms of imprisonment to be served concurrently. The court also ordered, pursuant to ORS 144.110(1), which took effect October 4, 1977, that the defendant should not be released on parole until he served a period of at least ten years' imprisonment.

Defendant contends that ORS 144.110(1) is unconstitutional as applied because it increases the punishment that can be imposed for crimes after such crimes have been committed and is therefore an *ex post facto* law. Thus, defendant concludes, ORS 144.110(1) is not applicable to sentences imposed for crimes committed before its effective date. We agree with defendant's conclusion; however, in so doing we do not reach the constitutional issue raised by defendant.

ORS 144.110 provides:

"(1) In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes.

"(2) Notwithstanding the provisions of ORS 144.120 and 144.780:

"(a) The board shall not release a prisoner on parole who has been sentenced under subsection (1) of this section until the minimum term has been served, except upon affirmative vote of at least four members of the board.

"(b) The board shall not release a prisoner on parole who has been convicted of murder defined as aggravated murder under the provisions of ORS 163.095, except as provided in ORS 163.105."

This statute, on its face, does not indicate whether the legislature intended it to apply to sentences imposed for crimes committed before its effective date. The legislative history of ORS 144.110(1) does not indicate that the legislature considered this question. We

assume that had the legislature intended that ORS 144.110 have retroactive effect, it would have said so.

Reversed and remanded for resentencing.