Argued May 16, reversed and remanded for resentencing July 5,
reconsideration denied August 16, review denied December 12, 1978

STATE OF OREGON, *Respondent,*
*v.*
BRADLEY R. WILSON, *Appellant.*
(No. C 77-06-07806, CA 9504)

581 P2d 106

Gary L. Hooper, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Defendant appeals his conviction on two counts of robbery in the first degree (ORS 164.415) and raises two assignments of error.

■ Defendant argues first that the trial court erred in denying his motion to suppress his in-court identification by one of the robbery victims. She had been unable to identify defendant from a group of photographs shown to her by the police approximately five months after the crime, but made a positive in-court identification four months later. Defendant vaguely suggests in his brief that the photographic throwdown was conducted in an unduly suggestive manner. The record does not bear that out. The other victim of the robbery (a roommate of the first) positively identified defendant from among the same photographic display and again in court. Defendant does not challenge the admission of her testimony.

The main thrust of defendant's argument is that under all the circumstances, particularly the fact that the witness was unable to identify defendant from the photographs, the in-court identification presented a "very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 US 377, 88 S Ct 967, 19 L Ed 2d 1247 (1968). The same argument was presented and rejected in *State v. Denniston,* 8 Or App 64, 491 P2d 1189 (1971), *rev den* (1972), where we stated:

> "Defendant asserts in his first assignment of error that the trial court erred in not striking the in-court identification by Davis '* * * on the ground that it's been tainted by showing him a picture of Homer Denniston.' Defendant's reliance on the rule enunciated in *Simmons v. United States,* 390 US 377, 88 S Ct 967, 19 L Ed 2d 1247 (1968), is misplaced. The common thread running through *Simmons* and its progeny—an alleged suggestive identification procedure which results in an extra-judicial identification that is likely to 'taint' the in-court identification—is not present in this case. The

[ 183 ]

police properly conducted the showing of the pictures. No identification of Denniston's picture was made by Davis or the other boy.

"Defendant actually attacks the credibility of Davis's identification. The failure to identify defendant from his picture only four days after the crime, the shortness of time in which the witness viewed the persons outside the store, and the variance between the description given the police on the night of the crime (Davis said the man he later identified as defendant had a 'pock-marked' face, which he condeded at trial Denniston did not have) all possibly weaken the credibility of Davis's courtroom identification over a year after the crime. See, generally, Wall, Eye-Witness Identification in Criminal Cases 107-128 (1965). However, these factors affect the weight and not the admissibility of the identification evidence. Therefore, they are a matter for the jury's consideration. * * *" 8 Or App 66-68. (Footnotes omitted.)

*See also United States v. Dobson,* 512 F2d 615 (6th Cir 1975).

■ Subsequent to the in-court identification by the victim on the basis of defendant's physical appearance, defendant was ordered to voice a phrase which one of the robbers had allegedly spoken. After hearing him speak, the witness concluded that it was the same voice as the robber's, "but under different circumstances." Defendant argues that the requirement that defendant speak the phrase is a factor to be considered in determining if the in-court identification procedure was unduly suggestive. He overlooks the fact that at the time she heard defendant's voice she had already identified him.

The motion to suppress the in-court identification was properly denied.

3.   Defendant's second assignment concerns his sentence. The trial court sentenced him to two twenty-year terms to run consecutively and ordered that he should not be released until he had served a minimum ten years on each sentence. ORS 144.110(1) (Or Laws

1977, ch 372, § 4) did not take effect until October 4, 1977, and could not be applied to the crime in question, which took place in December, 1976. *State v. Bussey,* 34 Or App 535, 579 P2d 264 (1978).

Reversed and remanded for resentencing.