Argued July 18, reversed and remanded for resentencing September 18, reconsideration denied October 24, 1978, petition for review denied January 23, 1979

STATE OF OREGON, *Respondent,*

*v.*

NEIL C. RATHBUN, *Appellant.*

(No. C77-06-07705, CA 10373,
No. C76-01-00771, CA 10374,
No. C77-06-08306, CA 10482)

(Cases consolidated)

584 P2d 332

Stephen A. Houze, Portland, argued the cause for appellant. With him on the brief was Lois J. Portnoy, Portland.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

## LEE, J.

This is a consolidated appeal of three criminal cases. Defendant contends (1) that in one of the cases the trial court erred in denying his motion for a new trial because a certain statement was made by the bailiff to one of the jurors, and (2) that the enhanced sentences imposed (ORS 144.110) in all three cases were erroneous. The state concedes that all of the cases should be remanded for resentencing. *See State v. Bussey,* 34 Or App 535, 579 P2d 264 (1978).

The challenged communication by the bailiff occurred during a trial for theft.[1] Defendant had previously been tried before the same judge on a charge of robbery, which trial ended in a hung jury. A juror who sat in the theft case testified in a separate fact-finding hearing that during the trial for theft the bailiff said to her:

"* * * [T]his judge [the judge in the instant theft case] did not like a hung jury, or words to that effect * * *. Through the years that she had been with him, she had only seen him take one hung jury, or something like that, but we had no idea what the facts in the [robbery] case were, and we had no idea who the defendant was * * *."

The juror further testified that this statement by the bailiff had not prejudiced her and that she did not then know that the other case (robbery) to which reference had been made also involved this defendant which, in fact, it did.

ORS 17.610(1), which governs the granting of a new trial in a criminal case, provides:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes *materially affecting* the *substantial rights* of such party:

"(1) *Irregularity in the proceedings of the court,* jury or adverse party, or any order of the court, or abuse of

---

[1] There was a two-count indictment charging theft in the first degree and criminal mischief in the third degree.

[ 225 ]

discretion, *by which such party was prevented from having a fair trial.*" (Emphasis supplied.)

ORS 17.305, which governs communications of the bailiff with the jurors, states in part:

> "* * * He must not suffer any communication to be made to them, nor make any himself, unless by the order of the court, except to ask them if they have agreed upon their verdict * * *."

Defendant relies on the post-conviction case of *Parker v. Gladden,* 385 US 363, 87 S Ct 468, 17 L Ed 2d 420 (1966), in which the bailiff told a juror that the defendant was a wicked fellow and guilty, and that the Supreme Court would correct any errors if he were improperly found guilty. In *Parker* there was evidence that the bailiff's statements had prejudiced one juror. By contrast, the express testimony of the only juror concerned in the instant case was that the statement had *not* prejudiced her. The bailiff violated ORS 17.305, but it did not materially affect the substantial rights of the defendant, so we find no reversible error. ORS 17.610(1).

Reversed and remanded for resentencing.