Argued November 30, 1978, reversed and remanded for resentencing January 29, petition for reconsideration denied February 27, petition for review allowed May 30, 1979

STATE OF OREGON, *Respondent,*
*v.*
LYNN ALAN HOLMES, *Appellant.*
(No. 73-1175, CA 11207)

589 P2d 1149

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant, who had been convicted for criminal activity in drugs and placed on probation, appeals from the imposition of a seven-year sentence for the drug crime following revocation of his probation, as well as from the imposition of a lump-sum cost judgment.

In July of 1973 defendant was tried and convicted for two counts of criminal activity in drugs. He was sentenced to a three-year prison term. The conviction was appealed to this court and the case was reversed and remanded for a new trial.[1]

In 1974 defendant was retried and again convicted. Imposition of sentence was suspended and defendant was placed on five years probation. In March of 1978 defendant's probation was revoked for violation of the terms of probation. At the close of the probation revocation hearing the court stated:

> "* * * So unless I'm greatly mistaken, the maximum sentence that could be imposed on this charge would be three years, and he would be entitled, of course, to be credited with any time that he has previously served in the correctional institution as a result of that sentence. * * *"

However, in May of 1978 the trial court sentenced defendant to seven years imprisonment pursuant to ORS 137.550(2)[2] and to pay costs in the sum of $624.

Relying on *State v. Turner,* 247 Or 301, 429 P2d 565 (1967), defendant contends it was error for the court to impose a sentence greater than the three-year sentence imposed for his original conviction.

---

[1] *State v. Holmes,* 17 Or App 464, 522 P2d 900 (1974).

[2] ORS 137.550(2) states in relevant part:

"At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation. * * * [T]he court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, *if no sentence has been imposed, impose any sentence which originally could have been imposed.*" (Emphasis supplied.)

In *Turner* the Supreme Court held:

"We believe that the interest of the public and the individual can best be served by the following rule: After an appeal or post-conviction proceeding has resulted in the ordering of a retrial for errors other than an erroneous sentence, * * * and the defendant has again been convicted, no harsher sentence can be given than that initially imposed. If the initial sentence was incarceration, the defendant subsequently cannot be sentenced to any longer term than the time still to be served upon his initial sentence." 247 Or at 313.

*Accord, State v. Ramirez,* 247 Or 317, 429 P2d 572 (1967); *State v. Stewart,* 21 Or App 555, 535 P2d 1389 (1975).

The state argues that the rationale behind *Turner* does not apply to the circumstances of this case, pointing out that the reason for the rule in *Turner* was to prevent a defendant from being penalized for exercising his right to appeal or post-conviction relief. The state contends the greater sentence was not the result of defendant's exercise of his right of appeal—in fact, his five-year probation was a potentially lighter penalty than his original three-year sentence of imprisonment. Instead, the state argues, the seven-year sentence was "solely the result of defendant's conduct in violation of the conditions of his probation and was entirely independent of his appeal."

■  The state is correct in its statement of the rationale behind *Turner.*

"We do not find it necessary to decide the constitutional issues as we conclude that when the state grants a criminal appeal as a matter of right to one convicted of a crime, as it has, *our procedural policy should be not to limit that right by requiring the defendant to risk a more severe sentence in order to exercise that right of appeal. ORS 138.020.*" (Emphasis supplied.) 247 Or at 315.

However, we do not agree with the state's argument that the seven-year sentence is solely the result of the violation of the conditions of probation. At the sentencing hearing the district attorney specifically

stated "It's the state's position that the court can now and should now consider all the aspects that make [defendant] what he is today in sentencing him *on the original charge of Criminal Activity in Drugs."* (Emphasis supplied.)

The question then is whether the court could impose a greater sentence because of the events which resulted in the probation revocation.

The *Turner* court discussed the effect of new information which might become available between the time of the first and second sentences as follows:

> "On occasion the second sentencing court is presented information which was not available to the first sentencing court, either of *circumstances which occurred subsequent to the first sentencing* or of circumstances not known at the time of the first sentencing. * * *" (Emphasis supplied.) 247 Or at 313.

> "The Advisory Committee[3] commented upon this problem as follows: 'Even though new facts may be brought to light which might occasionally warrant a heavier sentence, the Advisory Committee believes it is preferable to establish a standard that is prophylactic in effect, and easily administered, whereby sentencing judges are not given power to increase a sentence when an applicant has exercised his right to seek a post-conviction remedy.'[2] (Tent Draft, supra, at 96)." 247 Or at 314.

>> "(2) The Advisory Committee's report only concerns post-conviction remedies; however, the same restrictions on sentencing should apply when relief is obtained upon appeal." 247 Or at 314, n 2.

> "We believe the argument for efficient judicial administration outweighs the possible advantages of permitting more severe sentences upon the basis of new information and, therefore, we follow the Advisory Committee's tentative recommendation." 247 Or at 315.

---

[3] Tentative Draft of "Standards Relating to Post-Conviction Remedies" recommended by the Advisory Committee on Sentencing and Review of the American Bar Association Project on Minimum Standards for Criminal Justice.

■ Defendant's probation violation is "new information" of the kind contemplated by the Supreme Court in *Turner* and, as such, cannot be used as the basis for the imposition of a greater sentence than that imposed following defendant's first trial.

■ Defendant also correctly assigns as errors the court's failure to specify a period of time or number of installments within which defendant had to make the cost payment imposed, ORS 161.675, *State v. Calderilla,* 34 Or App 1007, 580 P2d 578 (1978), and the imposition of a mandatory minimum sentence. *State v. Bussey,* 34 Or App 535, 579 P2d 264 (1978).

Reversed and remanded for resentencing.