Argued September 18, reversed and remanded for new trial
in part; reversed and remanded for resentencing in part
March 5, reconsideration denied April 30; petition for review
denied June 13, 1979

## STATE OF OREGON, *Respondent,*
*v.*
## RALPH EMERY HOGREFE, *Appellant.*
### (Nos. 78 0287, 75 0337, CA 10480, CA 10481)
### (Cases consolidated)

591 P2d 415

Kenneth A. Morrow, Eugene, argued the cause for appellant. With him on the brief was Morrow & McCrea, P.C., Eugene.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson,[*] Gillette and Roberts, Judges.

ROBERTS, J.

[*] Johnson, J., resigned December 18, 1978.

**ROBERTS, J.**

In 1975 defendant was tried and found guilty by a jury of theft in the first degree (ORS 164.055). During the course of his trial, he fled the courtroom and did not return to custody until approximately two years later. He was then indicted for failure to appear in the first degree (ORS 162.205). He pled guilty to that charge and in February, 1978 the trial court imposed sentences for both offenses. Defendant appeals his conviction of theft and both sentences. We remand for resentencing on the failure to appear charge and reverse and remand the theft conviction.[1]

■ Defendant assigns as error the following statement made over objection by the trial judge to the jury following defendant's failure to appear:

"THE COURT: * * *

"The court has made a finding of fact that the defendant has wilfully failed to appear, and we are prepared to proceed with this case.[2]

"* * * * * *"

■ The defendant first failed to appear for trial on a Wednesday morning. At that time the judge called a recess until the afternoon so that defendant's attorney could attempt to locate him. Another recess was called that afternoon and still another the next morning. It was not until the following Tuesday that the trial continued in the defendant's absence.

At the time of recommencement of the trial the judge made the above statement to the jury, followed by an admonition that no inferences were to be drawn from the failure to appear. Again, at the close of the

---

[1] Because defendant does not question the propriety of proceeding with the theft trial in his absence, we do not reach that issue.

[2] The state contends that since defense counsel did not object to the court's statement at the time it was made to the jury, the objection was not preserved. However, the record shows that during an in camera conference defense counsel asked for a ruling on what could be said about defendant's absence. This request was followed by an extensive colloquy during which defense counsel specifically asked that the judge not state that defendant's absence was "wilful." We conclude that this was sufficient.

[165]

case a jury instruction was given telling the jury to make no inferences of guilt or innocence from the fact of defendant's absence. Despite these admonitions, we find the ruling to have been inappropriate and prejudicial.

It was unnessary for the trial judge to assess defendant's failure to appear as "wilful." In light of the fact that the jury had been inconvenienced by defendant's absence, it was particularly important for the judge to remain neutral and make no comment on defendant's absence other than to instruct that no inferences were to be drawn from it. The prejudicial nature of the judge's comments was compounded by the fact that evidence of a separate incident of flight following the alleged theft was introduced during the trial for the purpose of showing defendant's intent to commit theft.[3]

As part of the sentence on the failure to appear charge, the trial court imposed a two-year minimum sentence pursuant to ORS 144.110(1). This was error under *State v. Bussey*, 34 Or App 535, 579 P2d 264 (1978).

Reversed and remanded for new trial in part; Reversed and remanded for resentencing in part.

---

[3] The hearsay nature of the evidence introduced to prove this flight after the theft was also assigned as error by the defendant. Because we remand on other grounds, we do not reach the merits of this assignment of error.