Argued and submitted July 3, reversed and remanded October 23, 1979

STATE OF OREGON,
*Petitioner,*
*v.*
LYNN ALAN HOLMES,
*Respondent.*

(No. 73-1175, CA 11207, SC 26084)

601 P2d 1213

Karen H. Green, Assistant Attorney General, Salem, argued the cause for petitioner. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

PETERSON, J.

**PETERSON, J.**

In *State v. Turner,* 247 Or 301, 313, 429 P2d 565 (1967), we held that after an appeal or post-conviction proceeding has resulted in the ordering of a new trial for errors other than an erroneous sentence, upon a second conviction no greater sentence can be given than that originally imposed.

This case involves a related issue. When a defendant has been twice tried and convicted, in a later probation revocation proceeding is it proper to impose a greater sentence than was imposed following the first conviction?

Because the facts of this case involve two convictions and two different sentences (all for the same offense), it is important that the facts be clearly understood. The chronology of events follows:

| | |
|---|---|
| March, 1973 | Defendant was indicted for criminal activity in drugs. |
| July, 1973 | Defendant was tried, convicted and sentenced to three years' imprisonment on the charge. |
| May, 1974 | Defendant's conviction was reversed. *State v. Holmes,* 17 Or App 464, 522 P2d 900 (1974). |
| December, 1974 | Following a second trial and conviction, imposition of sentence was suspended for five years, and defendant was placed on probation for five years. Defendant's second conviction was affirmed. *State v. Holmes,* 22 Or App 23, 537 P2d 566 (1975). |
| May, 1978 | Following revocation of probation, defendant was sentenced to seven years' imprisonment. |
| January, 1979 | The Court of Appeals, applying *Turner, supra,* reversed the trial court's imposition of a seven-year sentence. *State v. Holmes,* 38 Or App 251, 589 P2d 1149 (1979). |

*ORS 137.550(2) Discussed*

ORS 137.550(2) provides:

"At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation. * * * Thereupon the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed *or, if no sentence has been imposed, impose any sentence which originally could have been imposed.* * * * In the case of any defendant whose sentence has been suspended but who is not on probation, the court may issue a warrant and cause the defendant to be arrested and brought before the court at any time within the maximum period for which the defendant might originally have been sentenced. Thereupon the court, after summary hearing, may revoke the suspension of sentence and cause the sentence imposed to be executed." (Emphasis added.)

ORS 137.550(2) provides that in probation revocation proceedings, the trial court may sentence a defendant according to the following rules:

1. Where a suspended sentence has been imposed, and probation granted, the probation and suspension of sentence may be revoked, and the trial judge can "cause the sentence imposed to be executed."

2. Where no sentence has been imposed and probation has been granted, the court may revoke the probation and "impose any sentence which originally could have been imposed."

3. Where defendant has a sentence imposed and suspended but is not placed on probation, the court may "revoke the suspension of sentence and cause the sentence imposed to be executed."

The parties do not agree as to the application of ORS 137.550(2).

The state claims:

(1) Under ORS 137.550(2), where no sentence has

been imposed following conviction, the trial judge can later revoke probation and impose any sentence which originally could have been imposed following the first conviction.

(2) *Turner* is inapplicable to probation revocation proceedings.

(3) The *Turner* rule should be abandoned.

Defendant contends:

(1) *Turner* is applicable; the same reasons which led to our adoption of the *Turner* rationale in 1967 equally apply in probation revocation proceedings.

(2) Under ORS 137.550(2), defendant cannot be sentenced to a term greater than that "originally imposed," that being three years—the sentence imposed following the first conviction.

The statute says that a judge who has previously imposed no sentence and granted probation may, following revocation of probation, "impose any sentence which originally could have been imposed." Normally, this would mean the maximum allowable sentence under the appropriate penal statute.

But in the situation of a second trial after a prior appeal and reversal, the sentencing judge (by virtue of *Turner)* can impose no greater sentence than the sentence the earlier judge imposed before appeal. Thus, determining the meaning of the statute may require a choice between two possible constructions.

The state's contention is that the words "impose any sentence which originally could have been imposed" mean that the sentencing judge—even a second sentencing judge—could impose up to the statutory maximum, that being the limit which could originally have been imposed following the first trial.

The defendant argues that had Judge Allen (the judge who placed the defendant on probation) decided to sentence the defendant to prison in December, 1974,

he was limited, under *Turner,* to a three-year sentence, that that is the maximum "sentence which originally could have been imposed" following revocation of probation.

We find it unnecessary to construe the statute, for we are of the opinion that even if the statute were construed as the defendant claims, the *Turner* rule should not be applicable following revocation of probation.

### *Turner Does Not Apply to Probation Revocation Proceedings*

We see no reason to so extend *Turner* to the facts in this case because:

1. The *Turner* premise is that a defendant's appeal rights would be "chilled" by the possibility of facing a heavier sentence if the appeal is successful.[1] No such chilling effect is present here. A person is not likely to be discouraged from an appeal by the probability that he will be put on probation, even when this carries with it the possibility that he will get a heavier sentence than before if he breaks probation.[2]

---

[1] In *Turner* we stated that (1) "[a]fter an appeal or post-conviction proceeding has resulted in the ordering of a retrial for errors other than an erroneous sentence * * * and the defendant has again been convicted, no harsher sentence can be given than that initially imposed," and (2) no new information regarding the defendant or his behavior which comes to light after the first sentencing can be taken into consideration by the court in imposing the second sentence. 247 Or at 313-315. We believed this to be a good rule and we adopted it because of our agreement with the report of the Advisory Committee on Sentencing and Review of the American Bar Association Projection Minimum Standards for Criminal Justice. That report deemed it "preferable to establish a standard that [was] prophylactic in effect, and easily administered, whereby sentencing judges [were] not given power to increase a sentence when an applicant [had] exercised his right to seek a post-conviction remedy," in spite of there being "new facts * * * brought to light which [have] occasionally warrant[ed] a heavier sentence." Tentative Draft of "Standards Relating to Post-Conviction Remedies," 1967, at 96.

[2] *State v. Stewart,* 21 Or App 555, 535 P2d 1389 (1975), upon which defendant relies in part, is distinguishable. There, the defendant successfully appealed from a new sentence imposed in a probation revocation

2. The possibility of an increased punishment is a deterrent to violation of probation. It is in the best interests of all—the probationer, law enforcement agencies, and the public—that probationers not violate the terms of probation. [3]

3. Both the Model Penal Code [§ 301.3(2) (1962)] and the "Standards Relating to Sentencing Alternatives and Procedures," Approved Draft, 1971, §§ 2.3(b)(iii) and 6.4(b), American Bar Association Project on Standards for Criminal Justice, recommend, in event of revocation of probation, authority to impose any sentence which originally could have been imposed.

\* \* \* \* \* \* \* \*

We therefore reverse the Court of Appeals and hold that the imposition of a seven-year term was proper. However, the State has confessed other error (see opinion of the Court of Appeals, 38 Or App at 256), and we therefore remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

proceeding, claiming an error in the proceedings rather than an error in the sentence. The Court of Appeals vacated a harsher sentence following the second probation revocation proceeding, citing *State v. Turner,* 247 Or 301, 429 P2d 565 (1967). In *Stewart,* clearly the *Turner* doctrine would be applicable. That is not the case here.

[3] We are mindful of the high recidivism rate. Fishman, *An Evaluation of Criminal Recidivism in Projects Providing Rehabilitation and Diversion Services in New York City,* 68 J of Crim L & Criminology 283 (1977); Greenberg, *The Incapacitative Effect of Imprisonment: Some Estimates,* 9 L & Soc'y Rev (1975). To the extent, however small, that the possibility of a harsher punishment following probation revocation proceedings encourages compliance with probation conditions, that inducement should be retained.