Submitted on record and briefs October 20, decisions of Court of Appeals and Board of Parole reversed and remanded to Board of Parole for further proceedings December 15, 1987

## BRADLEY RANDALL WILSON,
*Petitioner on Review,*

*v.*

## STATE BOARD OF PAROLE,
*Respondent on Review.*

(CA A42513; SC S34124)

747 P2d 976

Bradley Randall Wilson, Salem, for petitioner on review, *pro se.*

Scott McAlister, Assistant Attorney General, Salem, for respondent on review.

PER CURIAM

## PER CURIAM

The petitioner Wilson filed a petition under ORS 144.335 in the Court of Appeals seeking judicial review of the respondent Board's final order of December 16, 1986, which related to the setting of Wilson's parole date. A copy of the order in question is attached to this opinion and marked Appendix A. One of Wilson's assignments of error in the Court of Appeals was that the Board had erred in sustaining a 10-year minimum term of imprisonment which had previously been reversed by the Court of Appeals.

The Court of Appeals affirmed without opinion. 85 Or App 555, 737 P2d 153 (1987). We took review to determine if in fact the Board unlawfully used a 10-year minimum to determine Wilson's parole date. We hold that the Board did so and remand the case to the Board to give Wilson a new hearing for the purpose of recomputing his parole release date, if any.

Wilson was convicted of two counts of robbery in the first degree. On October 17, 1977, a judgment was entered in Multnomah County which sentenced him to two separate 20-year terms of imprisonment to run consecutively with a separate 10-year minimum on each count. Wilson began to serve his prison sentence on October 26, 1977. He appealed to the Court of Appeals, claiming, among other things, that the mandatory minimum portions of his sentences were erroneous.

On July 5, 1978, the Court of Appeals reversed and remanded for resentencing. *State v. Wilson,* 35 Or App 181, 581 P2d 106 (1978). This court denied review. The Court of Appeals' opinion in part said:

> "Defendant's second assignment concerns his sentence. The trial court sentenced him to two twenty-year terms to run consecutively and ordered that he should not be released until he had served a minimum ten years on each sentence. ORS 144.110(1) (Or Laws 1977, ch 372, §4) did not take effect until October 4, 1977, and could not be applied to the crime in question, which took place in December, 1976. *State v. Bussey,* 34 Or App 535, 579 P2d 264 (1978)."

35 Or App at 184.

The record before us does not contain a copy of the

subsequent judgment by the Circuit Court of Multnomah County resentencing Wilson.

The balance of the record is made up of documents reciting actions taken by the Board. For the most part these documents are "Board Action Forms" (BAF). *See Anderson v. Board of Parole,* 303 Or 618, 740 P2d 760 (1987).

The first BAF was entered on April 5, 1979. It set Wilson's parole release date as May 1990 after 144 months of imprisonment. The length of the sentence was stated as "20 yrs/20 yrs CS." There was no mention of minimum sentences or mandatory minimums. The order recited: "Prisoner was informed that release date depended upon his being free from 'serious emotional disturbance' on release date."

The next BAF was entered on June 28, 1982. In the spaces allocated for minimum sentences on this form are two entries of "10/00" which we interpret to mean 10-year minimums. This form contains the following comment: "Based on the recent revision of the Board Rules, the matrix range is now 90-120 months. Reschedule upon receipt of psychological assessment."

Four more BAFs were entered between August 5, 1982 and November 7, 1985.[1]

All these forms have two things in common:

(1) They mention two 10-year minimums, and (2) they refer to Wilson's mental status. For example, in the August 5, 1982 form there is this statement: "The Board finds inmate to be seriously, emotionally disturbed, and a danger to himself and others."

---

[1] On October 10, 1985, the chairperson of the Board notified Wilson by mail that another hearing would be scheduled because his conviction was pre-matrix and the Board had been treating it as a matrix case. Wilson was given the option whether he wished to remain under the old system or come under the matrix. The notice ended with this statement: "PRIOR ACTION IS IN ERROR AND SHOULD BE VOIDED."

The BAF of November 7, 1985, in part states:

"INMATE SIGNED APPLICATION FOR PURPOSE OF BEING CONSID-ERED UNDER MATRIX SYSTEM. BOARD COMPUTED H/R ACCORD-ING TO REVISED MATRIX SYSTEM. BOARD COMPUTED H/R ACCORDING TO REVISED MATRIX EFFECTIVE 7/15/85. BOARD FIND-INGS: H/R SCORE 07, CRIME CATEGORY 06, MATRIX RANGE OF 74 to 96 MONTHS. INMATE AGREES WITH ACCURACY OF H/R SCORE."

The BAF of November 7, 1985 dealt specifically with the two 10-year mandatory minimums. It stated in part:

"DINSMORE, JONES: OVERRIDE ONE 120 MONTH MINIMUM, SUSTAIN ONE 120-MONTH MINIMUM, ESTABLISHING A RELEASE DATE of 6/5/87. REVIEW 12/86 WITH PSYCHOLOGICAL EVALUATION AND UPON A FAVORABLE FINDING ORDER PAROLE."

"SAMUELSON, GROENER, HAYS: OVERRIDE BOTH 120 MONTH MINIMUMS, SET AT 96 MONTHS, SCHEDULE EXIT INTERVIEW WITH PSYCHOLOGICAL EVALUATION AND UPON A FAVORABLE FINDING ORDER PAROLE."

This brings us to the BAF in question—the one entered on December 16, 1986. It recites a 120-month minimum in connection with each 20-year sentence. Under comments and reasons it states:

"BASED ON A PSYCHOLOGICAL EVALUATION DATED 10/27/86 BY DR. MAX REED, BOARD FINDS INMATE 'MUST CURRENTLY BE SEEN AS SEVERELY EMOTIONALLY DISTURBED SO AS TO BE A DANGER TO THE SAFETY AND/OR HEALTH OF THE COMMUNITY.' GROENER, SAMUELSON, DINSMORE, HAYES: DEFER 18 MONTHS, RESET AT 138 MONTHS, ESTABLISHING A RELEASE DATE OF 12/05/88. REVIEW 06/88 WITH CURRENT PSYCHOLOGICAL EVALUATION. * * *. CONCUR C.L. JONES."

It appears from the above comments that the Board considered that its previous vote on November 7, 1985 had overridden one of the 10-year minimum sentences, but that the other one remained in force.[2] If the Board determined that there was only one mandatory minimum sentence in force and it attached to the first 20-year sentence then that mandatory sentence commenced on October 17, 1977 and has now expired by its own terms.

---

[2] ORS 144.100 in part provides:

"(1) In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes.

"(2) Notwithstanding the provisions of ORS 144.120 and 144.780:

"(a) The board shall not release a prisoner on parole who has been sentenced under subsection (1) of this section until the minimum term has been served, except upon affirmative vote of at least four members of the board."

The Board has consistently between June 28, 1982, and December 16, 1986, operated on the assumption that Wilson's consecutive sentences of 20 years each were subject to at least one 10-year minimum or mandatory minimum. That is a mistake. This is not the time to point fingers or try to figure out how the mistake was made. The error must be corrected. If in fact Wilson was not resentenced, we delete the mandatory minimums on both sentences. The Board shall give Wilson a new hearing to determine his parole status, if any, without consideration of the previous minimums.

It may be that as of December 16, 1986, the date of the BAF in question, Wilson had not been prejudiced by the Board's erroneous consideration of the mandatory minimums. ORS 144.120 in part provides:

> "(1) Within six months of the admission of a prisoner to any state penal or correction institution, the board shall conduct a parole hearing to interview the prisoner and set the initial date of release on parole pursuant to subsection (2) of this section. Release shall be contingent upon satisfaction of the requirements of ORS 144.125.
>
> "* * * * *
>
> "(4) Notwithstanding subsection (1) of this section, in the case of a prisoner * * * whose record includes a psychiatric or psychological diagnosis of severe emotional disturbance such as to constitute a danger to the health and safety of the community, the board may choose not to set a parole date."

OAR 255-35-030 provides in part:

> "(1) The Board with four (4) affirmative votes may choose not to set a parole release date pursuant to ORS 144.120(4) when:
>
> "* * * * *
>
> "(c) The prisoner's record includes a psychiatric or psychological diagnosis of a present danger to the health or safety of the community and/or the prisoner."

The BAFs have consistently referred to Wilson's mental problems. The BAF of December 16, 1986, found that Wilson "must currently be seen as severely emotionally disturbed so as to be a danger to the safety and/or health of the community." The finding is within the wording of ORS 144.120(4) and OAR 255-35-030 and the Board may have

refused to grant Wilson parole without reference to the mandatory minimums.

The decisions of the Court of Appeals and the Board of Parole are reversed. The case is remanded to the Board of Parole for further proceedings consistent with this opinion.

DEC 17 1986

OREGON BOARD OF PAROLE
BOARD ACTION FORM

NAME WILSON, BRADLEY R.    DATE ADM 10/26/1977    DOB 08/26/1950    CC PROB

SID # 3019411    INST # 39666    ADJ COMT 06/06/1977    RACE    DET/NOT

INST CSP    GOODTIME 01/29/2004    SEX    BR OFF

AKA    EXP DATE 06/04/2017    HGT    ADD CONVS

| CASE #<br>COUNTY | ORS#OFFCLS<br>OFFENSE | CTS | SENTENCE<br>MIN SENT | MAN<br>MIN | CS<br>TO | SENTENCE<br>BEGINS | TS<br>DAYS | JUDGE |
|---|---|---|---|---|---|---|---|---|
| MULT | ROBB I | I | 20/00/00 | 120 | | 10/26/1977 | 142 | CROOKHAM |
| MULT | ROBB I | I | 20/00/00 | 120 | 1 | 10/26/1977 | 000 | CROOKHAM |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

A 2 B 1 C 0 D 2 E 1 F 1 H/R 7 CRIME CAT 6 MATRIX RANGE 74 TO 96 DANG OFF SEX OFF

HEARING DATE 12/10/1986 ACTIVITY PE ACTION R MOS SET 138 RELEASE DATE 12/05/1988

AGGRAVATION MITIGATION RESCHEDULE 06/01/1988 TYPE PE/P W/PSYCH PANEL FULL

COMMENTS / REASONS BASED ON A PSYCHOLOGICAL EVALUATION DATED 10/27/86 BY DR. MAX REED, BOARD FINDS INMATE "MUST CURRENTLY BE SEEN AS SEVERELY EMOTIONALLY DISTURBED SO AS TO BE A DANGER TO THE SAFETY AND/OR HEALTH OF THE COMMUNITY." GROENER, SAMUELSON, DINSMORE, HAYS: DEFER 18 MONTHS, RESET AT 138 MONTHS, ESTABLISHING A RELEASE DATE OF 12/05/88. REVIEW 06/88 WITH CURRENT PSYCHOLOGICAL EVALUATION.
JONES: ABSENT, WILL REVIEW. - CONCUR. C. L. JONES 12/16/1986.

APPENDIX A

SPECIAL CONDITIONS: 1 2 3 4 5 6 7 8    OTHER CONDITIONS.
9A 9B 9C PO BO 10
11 12 13 14 15 16

TENTATIVE DISCHARGE:

SIGNATURE, PRESIDING MEMBER /S/ HAYS    JL    DATE 12/16/1986

C30

255-039-06/85