STATE OF OREGON, *Respondent,*
*v.*
ALFRED DANIEL CALDERILLA, *Appellant.*
(No. 9988, CA 9741)
580 P2d 578

Marianne Oswald, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals from the sentence imposed as a result of his conviction for first degree forgery, ORS 165.013, having uttered a forged check in the amount of $400 drawn on his former employer's business account. The trial court sentenced defendant to three years in prison, and further ordered

"* * * that the defendant make restitution to Guy R. Schartz through the Coos County District Attorney's office in the sum of $400.00 and reimburse Coos County the sum of $1,046.34 for court appointed attorney fees and expenses."

Defendant contends, *inter alia,* that the order directing him to make restitution and pay costs does not comply with the statute authorizing such order, ORS 161.675, which provides:

"(1) When a defendant is sentenced to pay a fine or costs or ordered to make restitution, as defined in ORS 137.103, the court may order payment to be made forthwith or within a specified period of time or in specified instalments. If a defendant is sentenced to a term of imprisonment, an order of payment of a fine, costs or restitution shall not be enforceable during the period of imprisonment unless the court expressly finds that the defendant has assets to pay all or part of the amounts ordered at the time of sentencing.

"(2) When a defendant sentenced to pay a fine or costs or ordered to make restitution is also placed on probation or imposition or execution of sentence is suspended, the court may make payment of the fine or costs or the making of restitution a condition of probation or suspension of sentence."

On its face, the order requires that payment be made in a lump sum forthwith, although the statute provides that it is not enforceable during the period of imprisonment, "unless the court expressly finds that the defendant has assets to pay all or part of the amounts ordered at the time of sentencing." No such finding was made here, and the order contained no "specified period of time" or "specified instalments" within which to make payment. In fact, it appears that

the court contemplated no specific period of time within which payment would be required.[1] The court stated:

> "* * * If it is paid within three years, the time of your sentence, that would certainly take care of it. It depends upon what your circumstances are."

As the order stands, the state may levy execution to enforce collection (ORS 161.685(6)) as soon as defendant has completed his "period of imprisonment," or may require him to show cause why he should not be held in contempt of court by reason of his failure to pay. ORS 161.685(1). While we agree with the state that the legislature intended to permit flexibility to the sentencing court in ordering payment of restitution and costs, we think it is clear that it also intended that within that range of flexibility the order must be sufficiently specific that the defendant knows what is required of him, and when it is required, so that he will know when he is in default.

Defendant also argues that the requirement to pay restitution to Mr. Schartz does not comply with ORS 137.106,[2] because he was not the "victim." The evidence indicated that the drawee bank which honored the forged check drawn on Mr. Schartz' account absorbed the loss.

In *State v. Getsinger,* 27 Or App 339, 556 P2d 147 (1976), we held that it was error to order restitution to the insurer of an automobile which paid a claim arising out of the unauthorized use of the vehicle, rather than the owner, who was the "direct victim." In the instant case, Mr. Schartz was not liable on the

---

[1] The record indicates that the court believed that because it was recommending defendant be released on work release, ORS 144.440, and Mr. Schartz expressed willingness to rehire defendant, he would be able to pay the restitution and costs imposed.

[2] ORS 137.106(1) provides:

"When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

forged check (ORS 73.4010(1);[3] 73.4040(1)[4]), and the drawee bank was not authorized to charge his (its customer's) account for the amount thereof (ORS 74.4010(1)),[5] unless he failed to exercise reasonable care in examining the check and to notify the bank promptly of the unauthorized signature. ORS 74.4060. Since the evidence is that the bank did not charge Mr. Schartz' account, the bank is the "direct victim," and restitution, if ordered, should be to the bank.

Sentence vacated and remanded for resentencing.

---

[3] ORS 73.4010(1) provides:

"No person is liable on an instrument unless his signature appears thereon."

[4] ORS 73.4040(1) provides:

"Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it; but it operates as the signature of the unauthorized signer in favor of any person who in good faith pays the instrument or takes it for value."

[5] ORS 74.4010(1) provides:

"As against its customer, a bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft."

*See Bank of the West v. Wes-Con Dev.,* 15 Wash App 238, 241, 548 P2d 563, 566 (1976): a forged check is not "otherwise properly payable" and may not be charged to the customer's account under the corresponding section of the Uniform Commercial Code of Washington. RCW 62A.4-401(1).