Argued June 20, reversed and remanded August 8, 1978

STATE OF OREGON, *Respondent,*
*v.*
MICHAEL LEE HARVEY, *Appellant.*
(No. 76-4928, CA 10111)

582 P2d 476

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. On the brief was James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Jan P. Londahl, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Defendant pleaded guilty to unauthorized use of a motor vehicle, ORS 164.135, and was placed on probation by a judgment order entered May 3, 1977. Thereafter, on January 4, 1978, the trial court revoked defendant's probation and sentenced him to serve three years in the custody of the Corrections Division. The court further ordered that, as a condition of any parole the defendant might thereafter receive, he be required to make restitution in the amount of $857 and to pay costs requested by the state.[1]

Defendant appeals, assigning as error two aspects of the sentence imposed. We agree with the first assignment, and remand the matter for resentencing.

Defendant first assigns as error that portion of the trial court's judgment order which orders that defendant, if admitted to parole, be required to pay restitution and costs.

At the time defendant was initially sentenced, May 3, 1977, the trial judge had no authority to impose conditions of restitution on defendant's prospective parole. Such authority was conferred by Oregon Laws 1977, chapter 371, which became effective October 4, 1977.[2] The court thus at least arguably did have such

---

[1] Defendant was also sentenced to serve a concurrent five year term for burglary. That sentence is not invovled in this appeal.

[2] The pertinent part of the legislation is now codified as ORS 161.675 and 144.275.

ORS 161.675 provides in pertinent part:

"(1) When a defendant is sentenced to pay a fine or costs or ordered to make restitution, * * * the court may order payment to be made forthwith or within a specified period of time or in specified instalments. If a defendant is sentenced to a term of imprisonment, an order of payment of a fine, costs or restitution shall not be enforceable during the period of imprisonment unless the court expressly finds that the defendant has assets to pay all or part of the amounts ordered at the time of sentencing.

"(2) When a defendant sentenced to pay a fine or costs or ordered to make restitution is also placed on probation or imposition or execution of sentence is suspended, the court may make payment of the

authority when it sentenced defendant on January 4, 1978.

We think, however, that what we have said with respect to an analogous statute is equally applicable here:

"This statute, on its face, does not indicate whether the legislature intended it to apply to sentences imposed for crimes committed before its effective date. * * * We assume that had the legislature intended * * * retroactive effect, it would have said so." *State v. Bussey,* 34 Or App 535, 537-538, 579 P2d 264 (1978).

Our cases such as *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), *State v. Wilson,* 35 Or App 181, 581 P2d 106 (1978), and *State v. Gale,* 35 Or App 3, 580 P2d 1036, (1978), are not *contra.* We there held that ORS 137.120(2), which requires a trial court to obtain a presentence report in felony cases, and which was effective on the same date as the statutes in question here, applied to all sentences entered after its effective date without regard to when the crime was committed. The distinction is between procedure and substance: ORS 137.120(2) is a mandatory procedural statute affecting a trial court's right to impose a sentence—it says nothing about the content of the sentence. In contrast, the statutes construed here concern what the sentence may be, *i.e.,* a matter of substance.

In his second assignment of error, defendant maintains that, even if his sentence to make restitution was authorized, it was cruel and unusual under all the circumstances of this case. In view of our disposition of

fine or costs or the making of restitution a condition of probation or suspension of sentence."

ORS 144.275 provides in pertinent part:

"Whenever the State Board of Parole orders the release on parole of an inmate who has been sentenced to make restitution * * *, but with respect to whom payment of all or a portion of the restitution was suspended until his release from imprisonment, the board shall establish a schedule by which payment of the restitution may be resumed."

the first assignment of error, we do not reach this question.

Reversed and remanded for resentencing.