Argued March 22, reversed and remanded
for resentencing April 23, 1979

STATE OF OREGON, *Respondent,*
*v.*
DENNIS CHARLES JOHNSON, *Appellant.*
(Nos. 77-11-104, 78-7-413,
CA 12491, 12492)
(Cases consolidated)
593 P2d 1216

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson, and Roberts, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Defendant appeals the sentences imposed in two separate cases which are consolidated for appeal. In each instance he challenges the portion of the judgment requiring him to make restitution to the victims of the crimes.

In the first case defendant was convicted on his plea of guilty for a crime which was committed on May 9, 1977. On June 28, 1978, he was sentenced to five years' imprisonment. Execution of the sentence was suspended and he was placed on probation on condition, *inter alia,* that he pay restitution and costs in a specified amount. Subsequently, on October 5, 1978, his probation was revoked and the sentence was executed. The order provided defendant was to pay the specified restitution after he was paroled.

Defendant argues and the state concedes that the court cannot order restitution in conjunction with a sentence of incarceration for a crime which was committed prior to the effective date of ORS 161.675 and ORS 144.275. We agree. *State v. Harvey,* 35 Or App 719, 582 P2d 476 (1978).

In the second case defendant was convicted on his plea of guilty to the charge of Theft in the First Degree. The crime was committed July 7, 1978. He was sentenced to five years' incarceration with the following condition:

> "1. That he make restitution in an amount to be determined by the District Attorney and information furnished to the Department of Corrections forthwith, not to exceed $1600.00, and the obligation to make payment of restitution be suspended until such time after defendant is paroled."

At the sentencing hearing the state said that the victim lost $1600 in the theft. Defendant's counsel disputed this amount and pointed out that the victim had stated the amount of the loss was $800 as disclosed in the police report of the theft. The court noted that there was a dispute and ordered defendant to pay

[713]

restitution in an amount to be determined by the distict attorney. Defendant contends it was error to leave the final determination of the restitution amount up to the district attorney.

■■ The authority of the court to order restitution as part of a sentence is provided by statute. ORS 137.103(3) defines restitution as full, partial or nominal payment of pecuniary damages to a victim. Pecuniary damages means all special damages, but not general damages, which a person could recover in a civil action. ORS 137.103(2). ORS 137.106 sets forth the criteria for ordering restitution. That statute requires the court, in determining whether to order full, partial or nominal restitution, to take into account the financial resources of the defendant, his ability to pay in installments or otherwise and the rehabilitative effect restitution and the method of payment will have on the defendant. In order to make the determinations required in ORS 137.103(2) and ORS 137.106 the court of necessity must decide an amount of restitution. In addition, an order requiring restitution must be specific in order for the defendant to know what is required of him. The order must specify the amount of restitution defendant is required to pay.

■ If defendant disputes the amount of restitution he is entitled to be heard on that issue at the time of sentencing. ORS 137.106(3). When the amount is disputed the court must resolve the dispute by deciding on a particular amount. The case must be remanded for resentencing in order for the court to make that determination.

■ Defendant also argues that the court failed to specify the period of time or the specific installments within which restitution is to be paid after defendant is paroled. We agree. Upon resentencing the order should comply with the statute, ORS 161.675, as interpreted in *State v. Calderilla,* 34 Or App 1007, 580 P2d 578 (1978).

Reversed and remanded for resentencing.