21165

The STATE, Respondent, v. Jacob David WILSON, Appellant.

(264 S. E. (2d) 414)

*Cleveland Stevens,* Conway, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Sol. Jim Dunn,* Conway, *for respondent.*

March 5, 1980.

LEWIS, Chief Justice:

The issue to be decided in this appeal involves the validity of a condition of probation which requires a defendant convicted of a crime of violence to make reparation to the injured victim of the crime.

Appellant discharged a firearm into a dwelling severely injuring one Carl Foster, and subsequently entered a plea of guilty to the offense of discharging a firearm into a dwelling in violation of Section 16-23-440 of the 1976 Code of Laws. The offense is a misdemeanor, and the punishment is governed by Code Section 17-25-30 which, construed in connection with Code Section 17-25-20, limits the maximum imprisonment of the present offense to a period of ten (10) years. *State v. Hill,* 254 S. C. 321, 175 S. E. (2d) 227.

Upon his plea, appellant was sentenced to imprisonment for five (5) years, suspended upon the service of ninety (90) days, and placed on probation for a period of five (5) years. A special condition of the probationary sentence required the defendant to pay twenty-five ($25.00) dollars per week for five (5) years as *restitution* to the victim of the crime. Although the sentence refers to the weekly payments as *restitution,* it is apparent that the court means *reparations,* in the sense of payment for damages sustained by the victim from the commission of the crime.

Appellant challenges the jurisdiction of the court to include, as a condition of his probation, the requirement that he pay damages to the victim of the crime.

Although Section 17-25-100 of the 1976 Code of Laws authorizes circuit judges in this State to suspend sentences imposed by them in misdemeanor cases "upon such conditions as in their judgment may be fit and proper," we think the issues here are also controlled by the statutes authorizing probationary sentences.

The authority of the court to suspend the sentence and place appellant on probation is settled by the terms of Section 24-21-410 of the 1976 Code of Laws, which states:

*After conviction or plea for any offense,* except a crime punishable by death or life imprisonment, the judge of any court of record with criminal jurisdiction at the time of sentence may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation. (Emphasis added.)

Section 24-21-430 is supplementary to Section 24-21-410 and deals with the conditions of probation, where the sentence of a defendant is suspended. Section 24-21-430 states:

The court shall determine and may impose by order duly entered and may at any time modify the conditions of probation and may include among them any of the following or any other.

The probationer shall:

(1) Refrain from the violation of any State or Federal penal laws;

(2) Avoid injurious or vicious habits;

(3) Avoid persons or places of disreputable or harmful character;

(4) Permit the probation officer to visit at his home or elsewhere;

(5) Work faithfully at suitable employment as far as possible;

(6) Pay a fine in one or several sums as directed by the court;

(7) Support his dependents; and

(8) Follow the probation officer's instructions and advice regarding recreational and social activities.

The portion of the sentence herein, requiring payment of reparations to the victim, was imposed as a condition of probation. The authority to require payment of reparations is not specifically included in the listed conditions of proba-

tion; therefore, the basis for such authority must be found, if at all, within the broad grant of power to impose the listed conditions "or any other."

Section 24-21-430 states that "the court shall determine . . . the conditions of probation and may include among them any of the following or any other." The phrase "any other" refers to *any other conditions of probation* and is broad enough to include a condition requiring payment of reparations to the victim of the crime, unless the use of the term "any other", following the enumeration of conditions of probation which may be included, must be construed to only include other conditions of like kind and character under the doctrine of *"ejusdem generis".*

Under the foregoing doctrine, ordinarily when general words follow the enumeration of particular classes or subjects, the general words should be construed as limited only to those of the general nature or class enumerated. *State v. Patterson,* 261 S. C. 362, 200 S. E. (2d) 68.

However, the doctrine of *"ejusdem generis"* is only a rule of construction to be applied as an aid in ascertaining intent and has no application where it clearly appears that no such limitation was intended. 73 Am. Jur. 2d, Statutes, Sections 214 and 215.

It is also generally held "where the particular words embrace all the persons or objects of the class mentioned, and thereby exhaust the class or genus, there can be nothing *ejusdem generis* left for the rule to operate on, and a meaning must be given to the general words different from that indicated by the specific words, or there can be ascribed to them no meaning at all." 73 Am. Jur. 2d, Statutes, Section 216, 409.

Section 24-21-430 indicates no intent to limit or restrict the general words "any other" to the enumerated conditions of probation. Each of the eight (8) conditions of probation suggested embrace all of the objects mentioned and leave

nothing of the same kind or nature for the *"ejusdem generis* rule"* to operate on. Therefore, the general words must be given a meaning different from that indicated in the enumerated conditions of probation, or they would have no meaning.

The statute in unequivocal terms states that the court "shall determine" the conditions of probation, but "may include" among the conditions any of those enumerated, with the power to modify at any time the conditions imposed. The use of the word "may" signifies permission and generally means that the action spoken of is optional or discretionary. This is the ordinary significance of the use of the word "may", and nothing appears to require that it be given any other meaning in the present statute.

We therefore conclude that under the aforementioned statutory provision, the trial judge had the authority to exercise his discretion and to impose reparation as a condition of probation.

In order for the trial judge to properly exercise his discretion and impose a condition of reparation, which is in furtherance of the objective of probation, an evidentiary basis must exist. However, the record is void of any evidence to support the amount of reparation ordered by the trial judge. Accordingly, the case is remanded to the lower court for a hearing and a determination of the amount of reparation to be made to the aggrieved party for actual damages or loss caused by the offense for which conviction was had. In addition, the court should consider the ability of the appellant to pay. See Annotation: 79 A. L. R. 3d 976.

So much of the judgment and sentence as fixes the amount of reparations is reversed and remanded for redetermination of the amount in the light of the evidence produced at the rehearing. In all other respects the judgment and sentence is affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.