Argued and submitted October 20, remanded for resentencing November 24, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID FRANKLIN RANDOLPH,
*Appellant.*

(No. C 79-07-32260, CA 17386)

619 P2d 680

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson and Buttler, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant entered pleas of guilty to a charge of failing to perform the duties of a driver involved in an accident, ORS 483.602, a Class C felony, and a charge of driving under the influence of intoxicants, ORS 487.540, a Class A traffic infraction. On the first charge defendant was placed on five years probation with certain specified conditions, including payment of $4,034.91 as restitution to the victim of the accident. On the second charge defendant was sentenced to imprisonment for six months in the county jail.

Defendant makes two assignments of error: First, the sentence imposed constituted cruel and unusual punishment. Second, the court erred in failing to establish either a specified period of time or specific installments for payment of restitution.

■     In the first assignment defendant principally complains about the amount of restitution. He does not contend the amount is not supported by the evidence, but argues the amount is such that defendant may resort to crime as a means of paying the restitution. We do not find this argument persuasive. Defendant was involved in an apprenticeship program in the building trades and was working toward obtaining his high school degree. Defendant is young and employable. If he is unable to pay restitution, the trial court has flexibility in adjusting the amount and payment schedule or to revoke the restitution requirement under ORS 161.685(5). Defendant should not have to resort to crime in order to pay restitution. We do not consider the period of five years probation with the condition that defendant pay restitution to be cruel and unusual punishment.

■     Defendant did not raise at the trial level or in this court the propriety of the six-month jail sentence imposed for conviction of driving under the influence of intoxicants. That charge was a Class A traffic infraction for which the maximum penalty is a $1,000 fine, ORS 484.350(1) and 484.360. Pursuant to Rule 7.19, Supreme Court and Court of Appeals Rules of Procedure, we will consider the error as apparent on the face of the record. The sentence of incarceration is obviously void. The court considered both

charges in designing the sentence imposed. Accordingly, the sentence is vacated and the case is remanded for resentencing on both charges.

■    In the second assignment of error, defendant contends the court erred in not specifying the period of time in which the restitution must be paid or an installment plan for making payment. ORS 161.675(1) provides:

> "When a defendant is sentenced to pay a fine or costs or ordered to make restitution, as defined in ORS 137.103, the court may order payment to be made forthwith or within a specified period of time or in specified instalments. * * *"

In *State v. Calderilla,* 34 Or App 1007, 580 P2d 578 (1978), we said:

> "* * * While we agree with the state that the legislature intended to permit flexibility to the sentencing court in ordering payment of restitution and costs, we think it is clear that it also intended that within that range of flexibility the order must be sufficiently specific that the defendant knows what is required of him, and when it is required, so that he will know when he is in default." 34 Or App at 1010.

The sentencing order specified that the amount of restitution was "to be paid at a rate and on a schedule to be determined by his probation officer." This does not meet the test set forth in *Calderilla* that the defendant know what is required of him. The court may properly use the services of the probation office to develop a payment plan but such plan, which becomes a specific condition of probation, must be ordered by the court not the probation officer.

The judgment is affirmed. The sentence order is vacated and the case is remanded for resentencing.

Remanded for resentencing.