## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM ROY PETRIE,
*Appellant.*

(No. 79-1542-C, CA A23430)

653 P2d 1015

Lynn M. Myrick, Grants Pass, argued the cause for appellant. On the brief were Donald H. Coulter, and Myrick, Coulter, Seagraves, Myrick & Adams, Grants Pass.

Daryl Dodson Wilson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant was convicted, on a plea of no contest, of sodomy with his wife's daughter. The conduct took place over several years; the victim was 14 years old at the time of sentencing. Defendant was sentenced on August 6, 1980, at which time "passing" of sentence was suspended for four years on specified conditions. The sentence made no mention of restitution.

Subsequently, it was determined that the victim had suffered psychological problems as a result of defendant's conduct and that she needed psychiatric treatment. In March, 1981, the district attorney moved to "amend the conditions of probation to include restitution for psychiatric counseling for [the victim]."

At the hearing defendant moved to dismiss on the ground that the court could not impose a more onerous penal consequence than had been ordered originally. The motion was overruled, and defendant has not assigned error to that ruling. He does assign five other claimed errors, only one of which was raised below. That contention relates to the definiteness of the amount the restitution order requires him to pay. That order provided, in relevant part:

"IT IS HEREBY ORDERED that Defendant's conditions of probation are modified to include the requirement that the defendant pay to the Clerk of the Court such sums of money as are actually due for professional counseling as determined by the Josephine County Victim's Assistance officer, said amounts not to exceed the total of $1,620."

Defendant contends that the "trial court erred in failing to adjudge a precise amount for money restitution, and erred in failing to prescribe specific terms for repayment." The relevant statutes are ORS 137.106(2) and 161.675(1). ORS 137.106(2) provides, in relevant part:

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b)  The ability of the defendant to pay restitution on an instalment basis *or on other conditions to be fixed by the court* * * *." (Emphasis supplied.)

ORS 161.675(1) provides:

"(1)  When a defendant is sentenced to pay a fine or costs or ordered to make restitution, as defined in ORS 137.103, the court *may* order payment to be made forthwith or within a specified period of time or in specified instalments. * * *" (Emphasis supplied.)

In *State v. Calderilla,* 34 Or App 1007, 580 P2d 578 (1978), the defendant was sentenced to three years in prison and ordered to make $400 restitution, but the order did not specify how or when restitution was to be made. We observed that, on its face, the order required a lump-sum payment forthwith, but that there was no finding that the defendant was able to pay immediately as required by ORS 161.675 when a defendant is sentenced to imprisonment. Neither did the order contain a "specified period of time" or "specified instalments" within which to make payment. We remanded the case for resentencing, stating that:

"* * * the order must be sufficiently specific that the defendant knows what is required of him, and when it is required, so that he will know when he is in default." 34 Or App at 1010.

Here, the concern of *Calderilla* is satisfied: the bills defendant is to receive from the Victim's Assistance Officer will inform him what is required.

In *State v. Johnson,* 39 Or App 711, 593 P2d 1216 (1979), the defendant was ordered to make restitution in an amount to be determined by the district attorney, not to exceed $1,600. At the sentencing hearing, the state contended that the victim had lost $1,600 in the theft, but the victim had stated the amount of the loss as $800 in the police report. Rather than resolving the dispute, the court left it to the district attorney. We held that the trial court "of necessity must decide an amount of restitution." It must "specify the amount of restitution defendant is required to pay" and "when the amount is disputed the court must resolve the dispute by deciding on a particular amount." 39 Or App at 714.

We do not believe the order here offends the requirement of *Johnson* that the order specify a "particular amount." In *Johnson,* a specific amount was readily ascertainable; here it is not. The trial court fixed a maximum amount to be paid as the psychiatric treatment is provided. If the victim receives less treatment than the evidence indicated would be required, defendant will be required to pay less. If more treatment is necessary, his liability is limited. Defendant will know when payment is required, and in what amount, as and when the bills, verified by the assistance officer, are received.

We conclude that the order is sufficient to advise defendant of the amount of restitution he must pay, the only issue we consider.[1]

Affirmed.

---

[1] Although defendant's contention on appeal includes both the amount required to be paid and the specific terms of repayment, he did not raise the latter contention in the trial court.