23063

The STATE, Respondent v. William C. FUSSELL, Appellant.
(383 S. E. (2d) 1)

Supreme Court

---

*Asst. Appellate Defender Wanda Hagler Haile,* of *S. C. office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Submitted April 4, 1989.

Decided Aug. 14, 1989.

*Per Curiam:*

Appellant pled guilty to two (2) counts of grand larceny and three (3) counts of second degree burglary. On one count of burglary (National Tax Service Case) appellant was sentenced to imprisonment for fifteen (15) years, suspended with five (5) years probation and was ordered to pay $500 to the Public Defender's fund and $1,500 restitution as a condition of probation.[1]

Appellant asserts the trial judge erred in ordering him to pay $1,500 restitution to National Tax Service because there was no factual basis to justify the award. We agree and reverse this award of restitution.

At trial, appellant's attorney objected to the amount of restitution ordered stating that there was no restitution owing. The trial judge responded he was ordering appellant to pay $1,500 "just for antagonizing the man" whose place of business had been broken into a number of times.

This Court has held that before a court may order reparation to a victim, it must hold a hearing and determine the actual amount of damage or loss. *State*

---

[1] Appellant's counsel initially submitted this case under *Anders v. California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967). By order of the Chief Justice, the parties were ordered to fully brief the issue addressed in this opinion.

164

*v. Wilson,* 274 S. C. 352, 264 S. E. (2d) 414 (1980); S. C. Code Ann. § 24-21-430 (Supp. 1988). In this case, there was no factual basis which showed the victim had suffered a $1,500 loss as a result of appellant's conduct. The only evidence regarding the amount of loss was a statement by the solicitor that appellant entered the National Tax Service office and stole stereo equipment, office supplies and some other small items worth over $200.

In our opinion, the judge's reasons for ordering restitution are improper and the solicitor's statement is insufficient to support the amount of restitution ordered.

Accordingly, the restitution portion of appellant's sentence in the National Tax Service Case is reversed and the case remanded for the purpose of holding a hearing to determine what amount, if any, is owed as restitution on the National Tax Service Case.

Reversed and remanded.