·2007

The STATE, Respondent v. Charles RHINEHART, Appellant.

(430 S.E. (2d) 536)

Court of Appeals

*Asst. Appellate Defender Tara Dawn Shurling, of the South Carolina Office of Appellate Defense, Columbia, and Deputy Public Defender Charles E. Sanders, Spartanburg, for appellant.*

■

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Harold M. Combs, Jr.,* Columbia; and *Sol. Holman C. Gossett,* Spartanburg, *for respondent.*

Heard March 17, 1993.

Decided May 3, 1993.

GOOLSBY, Judge:

After Charles Rhinehart entered a plea of guilty to an indictment charging him with receiving stolen goods, the trial court sentenced him to four years imprisonment, suspended the term of imprisonment, and placed him on probation for two years with the condition that he perform 200 hours of public service. Several weeks later, Rhinehart appeared before the trial court at which time the solicitor requested the trial court to require Rhinehart to make restitution to the victim because the items stolen from the victim had not been returned. Following the hearing, the trial court issued an order making restitution a condition of Rhinehart's probation. The trial court did not specify the particular amount that Rhinehart was to pay; rather, it left the amount for the solicitor to determine. Rhinehart's appeal contests on jurisdictional grounds the trial court's adding restitution as a condition of probation. It also challenges the trial court's leaving the amount of restitution for the solicitor's determination. We reverse.

## I.

Rhinehart's original sentence resulted from a plea bargain. The trial court, as we gather, accepted the plea bargain. Part of the plea bargain, as the sentencing judge recognized and as Rhinehart understood, was that there would be no restitution.[1]

---

[1] Twice the solicitor told the sentencing judge during the guilty plea proceedings that "there is a recommendation." The second time, the solicitor prefaced her remark with, "Yes, sir, there is no restitution."

After the solicitor told the judge the second time that she had a recommendation to make, the judge asked Rhinehart, "Do you know what it is?"

Rhinehart replied, "No, sir."

The judge then inquired, "They've not told you what they gone [sic] recommend?"

While a trial court, in a proper case, has jurisdiction, ∎ under section 24-21-430 of the South Carolina Code of Laws (Supp. 1992), "[to] modify the conditions of probation," that is, it has the power to alter or abate or limit the conditions of probation it has theretofore imposed, it does not have jurisdiction by virtue of section 24-21-430 to add, as a new condition of probation, a condition that the State expressly plea bargained away with court approval, particularly after the sentence, as here, has gone into execution and the term at which the sentence was imposed has ended. *See State v. Best*, 257 S.C. 361, 186 S.E. (2d) 272 (1972) (the court lacks subject matter jurisdiction to modify, change, or amend a sentence after adjournment of the term of court at which the court imposed the sentence).

If what the trial court did here were proper, the State and defendant A could engage in plea bargaining; they could agree A would plead guilty to the offense charged in the indictment and the State would recommend to the sentencing judge probation and the condition of probation that A not be required to pay a fine in one or several sums as directed by the court; the court could expressly approve the plea bargain in its entirety; the court could then place A on probation and not impose, as a condition of probation, the condition that A pay a fine in one or several sums as directed by the court; and months, even years, later the State, notwithstanding the plea bargain, could bring A back into the trial court and ask it to modify the conditions of A's probation by requiring A "[to] pay a fine in one or several sums as directed by the court," all the while point-

---

Rhinehart answered, "Well, she said, she said probation and no restitution."

The judge said, "Well, there is no restitution."

Rhinehart said, "Okay."

Faithful to the plea bargain and apparently concluding that the plea bargain provided a substantial and compelling reason not to order restitution, the judge did not impose restitution as a condition of probation. *See* S.C. CODE ANN. § 16-3-1530(D)(3) (1985) ("The judge shall order restitution at every sentencing for a crime against ... property or as a condition of probation ..., unless the court finds a substantial and compelling reason not to order restitution.").

ing to section 24-21-430 as authority for the trial court to impose the condition.[2]

The state is bound by the bargain that it made to obtain Rhinehart's guilty plea. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. (2d) 427 (1971) (where a guilty plea is induced by prosecutorial promises, those promises must be fulfilled); *State v. Thompson*, 278 S.C. 1, 292 S.E. (2d) 581 (1982) (when an accused pleads guilty upon a promise of the prosecutor, the agreement must be fulfilled), *overruled on other grounds, State v. Torrence*, 305 S.C. 45, 406 S.E. (2d) 315 (1991) (Toal, J., concurring). The trial court, having accepted the plea agreement, must honor it also. *See* 22 C.J.S. *Criminal Law* § 370 at 438 (1989) ("[O]nce [a] court has accepted a plea agreement, it is bound to honor its promise to perform the agreement, insofar as the terms of the agreement are within the power of the court to order.").

## II.

We do not reach the delegation issue, but were we to do so we would agree with Judge Littlejohn's dissent in this regard.

Reversed.

CURETON, J., concurs.

LITTLEJOHN, Acting J., dissents in a separate opinion.

LITTLEJOHN, Acting Judge, dissenting:

Originally the writing of the opinion in this case fell to me. I proposed to "Affirm in Part; Reverse in Part; and Remand." A majority of the panel having now taken a contrary view, I file my proposed opinion (with minor modifications) as my dissent.

Defendant, Charles Rhinehart, pled guilty to receiving stolen goods. He was sentenced to four years in prison, suspended on time served and was ordered to serve two years probation and complete two hundred hours of public service.

At the plea hearing, the solicitor stated that no restitution

---

[2] Section 24-21-430(6) (Supp. 1992) authorizes a court to prescribe as a condition of probation that the probationer shall "pay a fine in one or several sums as directed by the court."

was sought inasmuch as the property had been recovered. The statement was in error. When it was learned that the stolen property had not in fact been recovered, a hearing was held. The hearing judge, as an additional condition of probation, ordered an unspecified amount of restitution as a condition of the original probationary sentence. The judge did not determine the amount or the details of restitution but left these matters to the determination of the solicitor's office. Defendant appeals asserting error by the court in (1) amending the sentence, (2) in ruling that the Defendant had misrepresented the facts, and (3) in allowing the solicitor to determine the amount of restitution.

## I.

Defendant asserts the addition of restitution was improper in that the court lacked jurisdiction to amend his probationary sentence. However, the lower court specifically stated that it was not going to change Defendant's sentence, but was adding restitution as a condition of probation.

A trial court has specific statutory authority to modify the conditions of probation. S.C. CODE ANN. § 24-21-430 (Supp. 1992). The authority is quite broad, allowing the court to modify the conditions at any time and to include any condition not prohibited by the statute. *Id.* Restitution is not prohibited by the statute but has been recognized as an appropriate condition of probation. *State v. Bynes*, 304 S.C. 62, 403 S.E. (2d) 126 (Ct. App. 1991); *see also*, S.C. CODE ANN. § 17-25-125 (1976) (sentence for crimes involving the unlawful receiving of property may not be suspended unless restitution is made if the sentence is less than the maximum prescribed by law). Therefore, it follows that restitution may also be imposed as a condition upon modification of probation by the court. *See e.g., State v. Petrie*, 60 Or. App. 351, 653 P. (2d) 1015 (1983) (modification of probation to require restitution to victim was appropriate). I find no error by the trial court as its actions were within its statutory power.

In days of yore, courts looked with disfavor upon using the court of general sessions to aid victims of crime in collecting monies due from the perpetrator of the crime. In more recent times the public policy of the courts and of the law is to encourage criminal courts to bring about restitution. Such is

often the only instrumentality available to right a wrong which a victim has experienced. That policy is spelled out by the General Assembly of South Carolina when it enacted § 17-25-125 *supra*. That section reads as follows:

> Notwithstanding any other provision of law, in every case in which a person is sentenced for a crime involving the unlawful taking or receiving of or malicious injury to another's property, and the judge sentences such person less than the maximum sentence prescribed by law, a portion of such sentence may be suspended and the defendant placed on probation if he makes restitution to the victim in an amount equal to the monetary loss sustained by the victim as determined by the judge.
>
> If the defendant fails to make restitution in accordance with the terms prescribed by the judge, the suspension shall be revoked and the defendant shall serve the original sentence.
>
> Nothing contained herein shall preclude a judge from prescribing other conditions of probation.

To hold that restitution is not permitted in this case simply means that the victim must suffer his own loss.

## II.

Defendant also argues that the lower court erred when it ruled that the defendant had represented at the sentencing hearing that the stolen goods had been recovered and restitution was not an issue. From my review of the transcript, it appears that the solicitor was the person who made the representation to the court. The sentence of the judge gave the defendant the advantage of the solicitor's error. Whether the defendant knew of the error is of no consequence. As indicated hereinabove, the judge definitely had statutory authority to change the terms of the probationary sentence. I find no error.

## III.

Defendant also argues, and the State concedes, that it was improper for the lower court to order payment of an unspecified amount of restitution and to delegate

the determination of the amount to the solicitor's office when the amount was in dispute. I agree.

When restitution is in dispute, a court must determine the specified amount. Moreover, before a court may order restitution to a victim, it must hold a hearing and determine the actual amount of damages or loss. *State v. Fussell*, 299 S.C. 162, 383 S.E. (2d) 1 (1989). This is necessary to ensure an evidentiary basis for the reparation exists and to guarantee the proper exercise of the trial judge's discretion as to conditions of probation. *State v. Wilson*, 274 S.C. 352, 264 S.E. (2d) 414 (1980).

A hearing should have been held by the lower court to determine this matter. As a result, I remand this issue back to the lower court for a determination of the amount and circumstances of the restitution to be made.

I would affirm in part, reverse in part and remand.