## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES DEWAYNE ALLEN,
*Appellant.*

(90-CR-0345; CA A73656)

858 P2d 176

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Amy Alpaugh, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Durham, Judge.

DURHAM, J.

## DURHAM, J.

Defendant was convicted, after a jury trial, of two counts of attempted rape in the first degree, ORS 161.405, one count of rape in the first degree, ORS 163.375, six counts of sexual abuse in the first degree, ORS 163.427, one count of sodomy, ORS 163.405, and two counts of coercion, ORS 163.275. He appeals from the judgment, seeking a modification of his sentence. We affirm.

■  Defendant contends that the court's order of restitution not to exceed $10,000 "for counseling" for each victim exceeds the court's authority under ORS 137.103[1] and ORS 137.106.[2] He argues that, because there are no plans for further counseling, the restitution should have been set at the "readily ascertainable" amount already spent on counseling.

However, the court's restitution order is appropriate because the amount of damage is not "readily ascertainable." *See State v. Petrie*, 60 Or App 351, 355, 653 P2d 1015 (1982), *rev den* 294 Or 492 (1983). The restitution encompasses past counseling costs as well as anticipated, but not readily ascertainable, future counseling costs. Defendant will pay only for actual expenses, and his liability is limited to a maximum of $10,000 per victim. The future costs may be included in the amount of restitution because they are "reasonably predictable." *See State v. Hart*, 299 Or 128, 135, 699 P2d 1113 (1985). The presentence report shows that the victims' counselor and Children's Services Division believed that the victims would need future counseling. The court did not err.

---

[1] ORS 137.103(2) provides:

" 'Pecuniary damages' means all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling."

[2] ORS 137.106(1) provides:

"When a person is convicted of criminal activities which have resulted in pecuniary damages, unless the presentence investigation report contains such a presentation, the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

■    Defendant also argues that the court improperly imposed as a cost $165 spent by the State Police on medical exams for the victims. Although defendant is correct that only costs incurred after a formal charge may be recovered under ORS 161.665, *State v. Twitty*, 85 Or App 98, 105, 735 P2d 1252, *rev den* 304 Or 56 (1987), defendant did not object at trial to the assessment of this cost. This is not an error apparent on the face of the record, because the facts constituting the error are not irrefutable. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Defendant suggests that the exam took place on June 20, 1990. The state admits that it "appears" that the exams took place on July 23, 1990, one week before the indictment was issued. However, the court made no finding because defendant did not place the date of the exams in issue.

Affirmed.