561 S.E.2d 633

The STATE, Respondent,

v.

Curtis L. LAWRENCE, Appellant.

No. 3461.

Court of Appeals of South Carolina.

Submitted Nov. 14, 2001.
Decided March 18, 2002.

Senior Assistant Appellate Defender Wanda H. Haile, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attor-

ney General Robert E. Bogan, all of Columbia; and Solicitor Ralph E. Hoisington, of N. Charleston, for respondent.

GOOLSBY, Judge:

Curtis L. Lawrence appeals from his convictions and sentences for discharging a firearm into an occupied structure, armed robbery, and possession of a firearm during the commission of a violent crime. Counsel for the appellant attached to the appellant's final brief a petition to be relieved as counsel, stating she had reviewed the record of Lawrence's trial, and in her opinion the appeal is without merit. Lawrence did not file a *pro se* response. We affirm.[1]

## FACTS & ANALYSIS

After a thorough review of the record in accordance with *Anders v. California*[2] and *State v. Williams*,[3] we find the only preserved issue at trial is whether the trial court erred in denying Lawrence's motion for a directed verdict on the charge of discharging a firearm into an occupied structure.

Lawrence discharged a weapon into the wall of a bank during a robbery. The evidence indicates Lawrence was inside the bank when he fired the weapon. At the time of Lawrence's conviction, section 16-23-440 of the South Carolina Code provided in pertinent part: "It is unlawful for a person to discharge or cause to be discharged unlawfully firearms *at or into* a dwelling house or other building or structure regularly occupied by persons."[4]

---

1. Because oral argument would not aid the court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rules 215 and 220(b)(2), SCACR.

2. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

3. 305 S.C. 116, 406 S.E.2d 357 (1991).

4. S.C.Code Ann. § 16-23-440 (1985 & Supp.2000) (emphasis added). The legislature amended this section in 2001. The amendment designated this portion of the statute as subsection (A), added the phrase "or enclosure," and created subsection (B). 2001 S.C. Act No. 98 § 1.

Lawrence argued at trial that the "at or into" language of section 16–23–440 only prohibits a party outside a structure from unlawfully discharging a firearm into the structure. Because he was not outside the bank, Lawrence contends the evidence was insufficient to sustain his conviction on this charge.

■■ Criminal statutes are strictly construed against the State.[5] Prior cases involving section 16–23–440 support Lawrence's contention only to the extent that the cases may concern factual situations where a person outside a structure fired a weapon towards or into the structure.[6] The cases do not address whether the statute covers other circumstances as well.

A Georgia case interpreting similar "at or into" language in a statute held, however, "[o]ne who, while inside of an occupied dwelling, shoots a pistol at a floor thereof, is guilty of shooting 'at' or 'into' such dwelling, within the meaning of the act approved August 13, 1910...."[7] The Kentucky Supreme Court reached a similar conclusion in *Gaines v. Com.*[8] We likewise conclude the "at or into" language of section 16–23–440 covers situations where a person inside an occupied structure unlawfully discharges a firearm into the structure. We accordingly affirm the judgment of the trial court and grant counsel's petition to be relieved.

**AFFIRMED.**

HEARN, C.J., and HUFF, J., concur.

■■■■■■

---

5. *State v. Woody,* 345 S.C. 34, 545 S.E.2d 521 (Ct.App.2001).

6. *See e.g., State v. Bailey,* 298 S.C. 1, 377 S.E.2d 581 (1989); *State v. Wilson,* 274 S.C. 352, 264 S.E.2d 414 (1980).

7. *English v. Georgia,* 10 Ga.App. 791, 74 S.E. 286, 286 (Ga.Ct.App. 1912).

8. 505 S.W.2d 174 (Ky.1974).