# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Jimmie Aiken, Leila Brown, Vernonda Cohen, Carla David, Anthony Sabb, James Ginn, and Shirley Rice, as named Plaintiffs representing a class of South Carolina citizens, Respondents,

v.

South Carolina Department of Revenue, Appellant.

Appellate Case No. 2017-001790

———

Appeal from Orangeburg County
Diane Schafer Goodstein, Circuit Court Judge

———

Opinion No. 27944
Heard September 25, 2019 – Filed February 12, 2020

———

## REVERSED AND REMANDED

———

General Counsel Jason P. Luther, Counsel for Litigation Dana R. Krajack and Counsel for Litigation Sean G. Ryan, all of Columbia, for Appellant.

Robert N. Hill, of Lexington, Mark B. Tinsley, of Gooding & Gooding, PA, of Allendale, Daniel W. Williams, of Bedingfield & Williams, LLC, of Barnwell and Charles H. Williams, of Williams & Williams, of Orangeburg, for Respondents.

**JUSTICE JAMES:** Respondents, individually and as members of a putative class, brought this declaratory judgment action against the Department of Revenue seeking refunds of amounts garnished from their wages by the Department to satisfy delinquent debts they allegedly owe to other governmental entities. The merits of the case are not before the Court, as the sole issue on appeal arises from the circuit court's grant of Respondents' motion to strike one defense from the Department's answer to Respondents' second amended complaint.

In the stricken defense, the Department alleges subsection 12-60-80(C) of the South Carolina Revenue Procedures Act (the RPA)[1] prohibits this action from proceeding as a class action against the Department. The Department appealed the circuit court's order to the court of appeals, and we certified the Department's appeal pursuant to Rule 204(b) of the South Carolina Appellate Court Rules. We reverse the circuit court and hold this case cannot proceed as a class action against the Department.

## I.

Each named Respondent allegedly owes or owed money to either Allendale County Hospital or The Regional Medical Center in Orangeburg. Both hospitals are governmental entities. The hospitals contracted with the Department to collect the alleged debts pursuant to section 12-4-580 of the South Carolina Code (2014). Section 12-4-580 is known as the Governmental Enterprise Accounts Receivable (GEAR) program and provides in pertinent part:

> The department and another governmental entity may contract to allow the department to collect an outstanding liability owed the governmental entity. In administering the provisions of those agreements, the department has all the rights and powers of collection provided pursuant to [Title 12] for the collection of taxes and all the rights and powers authorized the governmental entity to which the liability is owed.

---

[1] S.C. Code Ann. §§ 12-60-10 to -3390 (2014 & Supp. 2019).

S.C. Code Ann. § 12-4-580(A). Respondents contend the Department's use of section 12-4-580 (the GEAR program) and section 12-54-130 of the South Carolina Code (2014) (the wage garnishment statute) to collect these debts is unlawful for various reasons; the particulars of this contention are not before us.

Respondents seek to represent a class of all persons similarly situated to them, and also seek to include in the class those persons whose wages were garnished to collect other types of delinquent debts, including student loan debt, tenant debt, and child care debt. In its answer, the Department alleged subsection 12-60-80(C) of the RPA prohibits this action from proceeding as a class action. Subsection 12-60-80(C) provides:

> Notwithstanding subsections (A) and (B), a claim or action for the refund of taxes may not be brought as a class action in the Administrative Law Court or any court of law in this State, and the department, political subdivisions, or their instrumentalities may not be named or made a defendant in any other class action brought in this State.

Respondents moved to strike this defense. The Department argued the delinquent debts it collects are "taxes" under subsection 12-60-30(27) of the RPA (2014); therefore, the Department contended, the first clause in subsection 12-60-80(C) prohibits Respondents' putative class action because it is an action seeking "the refund of taxes." The Department also argued that even if the delinquent debts are not "taxes," the second (or "catchall") clause of subsection 12-60-80(C) bars "any other" class action against the Department.

In granting Respondents' motion to strike, the circuit court ruled the first portion of subsection 12-60-80(C) does not apply to this case because the delinquent debts garnished from Respondents' wages are not "taxes" as that term is defined in subsection 12-60-30(27) of the RPA or as that term is commonly understood. The circuit court also rejected the Department's contention that the catchall clause of subsection (C) bars any other class actions against the Department. The circuit court's reasoning was threefold. First, the circuit court ruled this interpretation runs afoul of the one-subject rule set forth in Article III, section 17 of the South Carolina Constitution because it "multiplies the number of subjects within the same Act" that enacted subsection (C). In support of this ruling, the circuit court noted subsection

(C) was enacted as part of Act No. 69 of 2003, and the title to Act 69 contains no reference to the RPA barring all class actions against the Department. Second, the circuit court ruled that had the General Assembly intended to bar class actions over non-tax debt, the General Assembly would have placed the bar in the GEAR statute (section 12-4-580) and not in the RPA. Third, the circuit court ruled that interpreting the second clause of subsection 12-60-80(C) to prohibit any and all other class actions against the Department would violate the doctrine of *ejusdem generis*.

The Department raises two basic arguments in this appeal. First, the Department argues the debts it has collected from Respondents fall within the definition of "taxes" as set forth in subsection 12-60-30(27) of the RPA. As such, the Department contends, Respondents' action is an action for the refund of "taxes," thereby invoking the prohibition of class actions for the refund of taxes as set forth in the first clause of subsection 12-60-80(C) of the RPA. Second, the Department contends that even if Respondents' action is not an action for the refund of "taxes," the second, or "catchall," clause of subsection 12-60-80(C) prohibits this and all other class actions against the Department. We hold the catchall clause of subsection 12-60-80(C) of the RPA prohibits this action from proceeding as a class action against the Department.

## II.

"An issue regarding statutory interpretation is a question of law." *Lightner v. Hampton Hall Club, Inc.*, 419 S.C. 357, 363, 798 S.E.2d 555, 558 (2017) (quoting *Univ. of S. Cal. v. Moran*, 365 S.C. 270, 274, 617 S.E.2d 135, 137 (Ct. App. 2005)). "[T]his Court reviews questions of law de novo." *Id.* (alteration in original) (quoting *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008)).

"Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). What the General Assembly says in the text of the statute is the best evidence of its intent, and this Court is bound to give effect to the legislature's expressed intent. *Id.*

Again, subsection 12-60-80(C) provides:

Notwithstanding subsections (A) and (B), a claim or action for the refund of taxes may not be brought as a class action in the Administrative Law Court or any court of law in this State, and *the department, political subdivisions, or their instrumentalities may not be named or made a defendant in any other class action brought in this State.*

(emphasis added to catchall clause). The answer to the question of whether this action may proceed as a class action is found in our analysis of the catchall clause of subsection (C). Therefore, we need not address the issue of whether the debts purportedly owed by Respondents to the hospitals are "taxes" as that term is defined in subsection 12-60-30(27) of the RPA. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address remaining issues when the disposition of a prior issue is dispositive of the appeal).

The Department argues the catchall clause of subsection (C) unambiguously provides the Department may not be named or made a defendant in any other class action brought in this State. Respondents argue we should adopt the circuit court's reasoning and affirm. As noted above, the circuit court's ruling that subsection (C) cannot be interpreted to bar all class actions against the Department was threefold: (1) the doctrine of *ejusdem generis* prohibits the Department's interpretation of the catchall clause of subsection 12-60-80(C), (2) had the General Assembly intended subsection (C) to apply to the instant case, it would have put the clause in the GEAR statute, and (3) subsection (C)'s purported prohibition of all class actions against the Department would violate Article III, section 17 of the South Carolina Constitution. We will now review the circuit court's reasoning.

A.

The circuit court ruled the doctrine of *ejusdem generis* prohibits the catchall clause of subsection (C) from being broadly interpreted to prohibit all class actions against the Department. "Under the [*ejusdem generis*] doctrine, ordinarily when general words follow the enumeration of particular classes or subjects, the general words should be construed as limited only to those of the general nature or class enumerated." *State v. Wilson*, 274 S.C. 352, 355, 264 S.E.2d 414, 415 (1980). "However, the doctrine of '*ejusdem generis*' is only a rule of construction to be applied as an aid in ascertaining intent and has no application where it clearly appears that no such limitation was intended." *Id.* We hold subsection 12-60-80(C)

indicates no intent to limit or restrict the general words "any other class action" in the catchall clause of subsection (C) to the specific subject of "taxes" set forth in the first portion of subsection (C). To interpret the catchall clause in this fashion would simply amount to an unnecessary re-recitation of the first portion of subsection (C); this would be an absurd and forced construction of the catchall clause of subsection (C). *See Matter of Decker*, 322 S.C. 215, 219, 471 S.E.2d 462, 463 (1995) ("A statute should be so construed that no word, clause, sentence, provision or part shall be rendered surplusage, or superfluous . . . ." (alteration in original) (quoting 82 C.J.S. *Statutes* § 346)).

B.

Next, the circuit court reasoned that had the General Assembly intended for the catchall clause of subsection 12-60-80(C) to apply to the instant case (in which Respondents seek a refund of amounts collected under the GEAR statute), it would have placed the catchall clause in the GEAR statute. The Department contends we should consider the timing of the General Assembly's enactment of subsection 12-60-80(C) in relation to our decision in *Gardner v. South Carolina Department of Revenue*, 353 S.C. 1, 577 S.E.2d 190 (2003). The plaintiffs in *Gardner* sought to be certified as representatives of a class of all taxpayers who suffered a reduction in their state income tax refunds after the Department collected debts under the auspices of the Setoff Debt Collection Act (S.C. Code Ann. §§ 12-56-10 to -120 (2014)). The Setoff Debt Collection Act, like the GEAR statute, is a vehicle by which the Department is allowed to collect debts owed to various governmental agencies. The circuit court granted the plaintiffs' request for class certification pursuant to Rule 23 of the South Carolina Rules of Civil Procedure. This Court reversed the circuit court on January 27, 2003, holding the plaintiffs failed to establish the element of commonality required by Rule 23. 353 S.C. at 22-23, 577 S.E.2d at 201. Four months after *Gardner* was decided, the General Assembly passed legislation that included subsection 12-60-80(C). *See* Act No. 69, 2003 S.C. Acts 718, 744. The Department argues the General Assembly intended to add subsection (C) to section 12-60-80 on the heels of *Gardner* to make it clear that (1) an action for the refund of taxes may not be brought as a class action in the administrative law court or in any court of law in this State, and (2) the Department may not be named or made a defendant in any other class action brought in this State. We need not consider the timing of the General Assembly's introduction and enactment of subsection 12-60-80(C), as we conclude the plain language of

subsection (C), by itself, clearly prohibits the instant action from proceeding as a class action.

## C.

Next, the circuit court concluded subsection 12-60-80(C)'s prohibition of all class actions against the Department violates the one-subject rule of Article III, section 17 of the South Carolina Constitution. This was error. Article III, section 17 provides, "Every Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title." Even if we were to agree that the inclusion of subsection (C) multiplied the number of subjects in Act No. 69, the one-subject rule does not apply because that act has been duly codified. *See S.C. Tax Comm'n v. York Elec. Coop.*, 275 S.C. 326, 333, 270 S.E.2d 626, 629-30 (1980) (holding an act's constitutional defect under Article III, section 17, was eliminated by "the proper inclusion" of that act in the codification of the code of laws); *Colonial Life & Accident Ins. Co. v. S.C. Tax Comm'n*, 233 S.C. 129, 148, 103 S.E.2d 908, 917 (1958) (holding the deficiency that existed in the title of an act was of no consequence after the provisions of the act were codified), *superseded on other grounds by* Rule 208(b)(2), SCACR, *as recognized in I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 526 S.E.2d 716 (2000).

## III.

We hold the plain language of subsection 12-60-80(C) prohibits this action from proceeding as a class action. We therefore reverse the circuit court and remand this case for further proceedings consistent with this opinion. We express no opinion on the merits of this case, and we express no opinion as to whether the Revenue Procedures Act applies to other issues in this case.

**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.**